The opinion of the Court was delivered by
Tilgiiman, C. J.
The counsel for the plaintiffs in error, has relied principally on two points. 1st. That the release does not appear to have been made to the proper persons : the commisioners often take for granted, that the lands belong to the persons for whose use the original warrants issued, whereas very often, such warrantees are, not the owners at the time of the sale for taxes. The answer to this objection, is short and decisive. The demurrer confesses every thing, which the jury might have inferred from the evidence, and when taxes are laid on land, as the property of the warrantees, and they are sold as such by the commissioners ; this is prima facie evidence of property, and the jury may infer, in the absence of all other evidence, that the property was in such warrantees. The 2d point made by the plaintiff in error is, that the Act of Assembly, on which this action is founded, was void, because it dissolves a contract without the consent of the parties. But this does not appear to be the fact. The parties to the commissioners’ sale, were, the commissioners and the purchaser. The commissioners were but trustees, for the benefit of the public, appointed under the authority of the Legislature, and subject to their controul. They pretend to no private right. There was therefore no invasion of any right of theirs. And as to the other party, the purchaser, his consent is proved by the bringing of this suit, which is founded on a dissolution of the contract. The truth is, that this Act of Assembly was very salutary ; it corrected a great^public abuse. *263 Most of these commissioners’ sales were void, because not conducted according to law; and the owners of the land, knowing them to be void, would not receive the money paid by the purchasers,-beyond the amount of taxes and costs; consequently this money remained in the hands of the commissioners, to their private benefit. The Act of Assembly was made to authorise the récovery of this money, and is confined to cases, in which sales had been made previous to the year 1800, that is, at least seventeen years before the passing of this Act. Now, surely when the money had lain thus long in the hands of the commissioners, without demand by those persons who had been the former owners, it was sufficiently evident, that these persons considered the sale as void, and never intended to demand the money. Besides, these former owners were no parties to the contract of sale, and no contract of theirs was violated, by dissolving that contract. But, even if they had any subsisting right under that contract, it is not taken away by this Act of Assembly'; on the contrary, the Act provides,' that before the plaintiffs-could recover against the commissioner, they should give him an indemnifying bond. But, if it should ever happen, that a suit should be brought by the person,-whose land was sold for taxes, against the commissioners for the surplus received by them, beyond the amount of taxes and costs, (an event extremely improbable, as it could only be, when the land had been sold by the commissioners', for more than its value;) it would be difficult to support the action, against the strong presumption arising froqj an acquiescence of seventeen' years. Be that as it may, however, it is the opinion of the Court, that the Act of Assembly violated no contract against the consent of any person, whose consent was necessary, and was therefore valid. The judgment of the Court of Common Pleas is to be affirmed.
Judgment affirmed.